### McCORMICK et al. v. KANSAS CITY SOUTHERN RY. CO. et al.

(District Court, W. D. Louisiana, Shreveport Division. March 10, 1926.)

No. 1588.

Action ⊜⟞50(4)—Joinder of cause of action against one defendant under Workmen's Compensation Law with one against other as for tort for same accident held improper (Act La. No. 20 of 1914).

There is a misjoinder, where petition seeks recovery against one defendant under Workmen's Compensation Law of Louisiana and against the other defendant as for tort for the same accident, though defendant employer had, by contract, bound itself to hold the other harmless for injuries to its employees while riding on other's road; the two causes growing out of distinct relations involving separate defenses with which defendants have no common concern.

At Law. Action by Jack J. McCormick and others against the Kansas City Southern Railway Company and another. On exception of misjoinder. Exception sustained.

Geo. T. McSween, Jr., and Huey P. Long, both of Shreveport, La., for plaintiffs.

Wilkinson, Lewis & Wilkinson, of Shreveport, La., for defendants.

DAWKINS, District Judge. This case has been submitted upon an exception of misjoinder of parties defendant. The petition seeks recovery of the Cumberland Telephone & Telegraph Company under the Workmen's Compensation Law of Louisiana (Act No. 20 of 1914), while it claims damages as for a tort against the other defendant, the Kansas City Southern Railway Company. The one claim is based upon the statutory liability of the telephone company, as to which the railway company has no concern, and, on the other hand, as originally filed, the telephone company was placed in the anomalous position of a defendant when, if it had any interest in so far as the liability of the other defendant was concerned, it was as a plaintiff to reimburse itself for whatever it might be held to pay McCormick, except that it could contest the extent and character of plaintiff's injuries, and at the same time, if it was to avail itself of the provision in the Compensation Law giving it a right of action against the tort-feasor for reimbursement for its outlay, it was interested in supporting the recovery by petitioner, at least to the extent of its own liability.

Since submitting the exception of misjoinder, plaintiff has filed an amendment, in which it alleges that the defendant telephone company had, by contract made before the accident, bound itself to hold the railway company harmless for injuries to its employees while riding on motorcars upon the railway tracks, and that whatever judgment is rendered against the railway company will have to be paid by the telephone company. However, the amendment does not disclose that the contract in any sense amounted to a stipulation in favor of the plaintiff, an employee, entitling him to sue thereon, but was merely one for indemnity, upon which the railway company might sue, if it should ultimately be compelled to pay the plaintiff damages. While the railway company may, if it chooses, call the telephone company in warranty under this contract, nevertheless, I do not see that it gives the plaintiff any interest therein which would entitle him to compel the defendants to litigate that question in this proceeding.

My conclusion is that, while the plaintiff has alleged a cause of action against each defendant, the same grows out of two distinct relations involving separate defenses, with which the defendants have no common concern at this stage of the case. The exception should therefore be sustained, and the plaintiff allowed 10 days in which to elect as to which of the claims he will pursue in this proceeding; that is, whether he will nonsuit his claim as to either the telephone company or the railway company, and in default thereof this suit should be dismissed, with costs.