**BAUCUM et al. v. JACKSON, Prohibition Administrator, et al.**

District Court, W. D. Louisiana, Shreveport Division. July 25, 1929.

On the Merits, August 15, 1929.

No. 348.

upon prescriptions of physicians. They charge that these permits were refused because the police jury of Claiborne parish, which corresponds to the county court or commission in other states, had passed an ordinance prohibiting, under criminal penalty, the prescribing or dispensing of intoxicating liquors, and petitioners attack the power of the police jury to enact such legislation. They made parties defendant the prohibition administrator for the state of Louisiana, the police jury of Claiborne parish, and the Commissioner of Internal Revenue.

Thereafter the following motions were filed: To quash the summons by the prohibition administrator and the Commissioner of Internal Revenue; to dismiss by these two defendants, and also a motion to dismiss by the police jury. Whereupon plaintiffs filed a supplemental bill, making the Commissioner of Prohibition, James N. Doran, and the "Bureau of Prohibition," parties defendant, and asked for new services upon them. Counsel for the Commissioner and administrator then asked that their motions to quash and dismiss be referred to the merits, which was done, and they answered, admitting most of the essential facts; that is, that the petitioners were within the class entitled to said permits, but that they had been refused because of the ordinance in question, the invalidity of which they denied. The case was then submitted upon the motion to dismiss by the police jury, with briefs to be filed within 10 days. This was on June 14th, and to this time none have been filed by any one.

The grounds of the motion by the police jury are as follows:

"(1) This court is without jurisdiction or authority to decree the ordinance adopted by it inoperative, ultra vires, null, and void.

"(2) The bill of complaint is multifarious in that: (a) The plaintiffs are different parties, appearing for the purpose of presenting separate and distinct causes of action, in different capacities, each independent of the other; (b) the defendants are separate and distinct persons in law, one representing and being part of the state government, and the others representing a department of the United States government, each performing different and distinct governmental functions, and having a different cause of action to defend, in which the other has no interest; (c) there are two separate and distinct causes of action set forth, an action at law, against this appearer, and an action presenting equitable rights, against the other defendants.

"(3) The plaintiffs do not allege that they

T. T. Land, of Homer, La., and Geo. T. McSween, of Shreveport, La., for complainants.

Philip H. Mecom, U. S. Atty., of Shreveport, La., for the United States.

W. D. Goff, of Arcadia, La., for police jury.

DAWKINS, District Judge. In the above proceeding Dr. James D. Baucum, a practicing physician, and Joseph A. Baucum, as proprietor of the East End Drug Store, at Haynesville, La., complain that the Prohibition Department has refused to grant to the one a permit to prescribe intoxicating liquors for medicinal purposes and to the other for the purpose of dispensing such liquors

have no adequate remedy at law; in fact, their allegations in petition clearly show that the complaint against this appearer is one of law, in which there is an adequate remedy in the courts of law."

■ The petition invokes the interpretation of a federal law, to wit, the National Prohibition Act, and seeks a review, especially authorized by its terms, of the action of the prohibition agencies in refusing such permits. Inasmuch as the petition alleges that the ordinance is wholly void, because of the want of power in the policy jury to pass it, I see no reason why the court, in exercising its jurisdiction to review the ruling of the Commissioner, could not and should not determine this question. In fact, I think it is bound to do so, because this is the only reason given for denial of the permit, and, having jurisdiction to review that decision, it necessarily has the authority to determine all of the issues, including that of the validity of the ordinance. See Bruer v. Woodworth, Collector (D. C.) 22 F.(2d) 577.

■■ As to the contention that there is an improper joinder of parties plaintiff, it occurs to me there is no answer. One is a doctor seeking a physician's permit, which may be used for prescribing intoxicating liquors for medicinal purposes, to be filled at any drug store possessing a proper permit, while the other petitioner is a druggist, seeking an entirely different kind of permit, to wit, one for the dispensing of such liquors for the same purpose, which may likewise be done upon the prescriptions of the plaintiff, or any other physician. Their only common interest in the litigation is that each wishes to have the validity of the police jury's ordinance determined, and, if invalid, to be granted their permits. It is a well-settled principle of law, if the issue is raised in limine, that two or more persons cannot be joined in the same suit, unless their causes of action are so connected that each is actually interested in the other, as distinguished from a resultant benefit in the subject-matter affecting them. The granting or denial of the permit to either could have no possible effect upon or be of any concern to the other in this case. Hence, I think there is clearly a misjoinder of parties.

It might be that the defendant police jury is an unnecessary party to this suit, but the question submitted is one raised by this defendant alone, and there is no pleading before this court raising the issue of the propriety or necessity of having this defendant before it. On the contrary, the petitioners have made this exceptor party, and for this reason appear to think it necessary for a determination of the case. Therefore, in so far as the police jury is concerned, the motion to dismiss for improper joinder of parties plaintiff will be sustained.

For reasons previously given, and because I am of the opinion that the statute itself gives the plaintiff the right to proceed in this manner, I do not think the contention that there is no right to the relief sought because of an adequate remedy at law can be sustained.

Proper decree may be presented.

#### On the Merits.

This suit was originally against the Prohibition Department and the police jury of Claiborne parish, to have declared invalid a certain ordinance prohibiting doctors from prescribing and drug stores from selling intoxicating liquors for medicinal purposes. An exception of misjoinder of parties plaintiff, filed on behalf of the police jury, was sustained for reasons set forth in a memorandum handed down recently; that is, that there was no legal justification for joining a physician seeking a permit with a drug store, which was asking to be permitted to dispense such liquors in accordance with the regulations of the Treasury Department. The Prohibition Department has waived this point, and the matter has been submitted upon an agreed statement of facts, for the purpose of testing the validity of the police jury's ordinance.

The Eighteenth Amendment to the federal Constitution, of course, prohibits the traffic in intoxicating liquors for beverage purposes, but does not include nonbeverage uses. However, in order to reasonably insure that such liquors will not be used for the prohibited purposes, both the statute and the regulations made thereunder have prescribed certain conditions and requirements for dispensing them for nonbeverage purposes, and which regulations have been upheld as a reasonable means for attaining the desired end.

The Legislature of the state, in pursuance of the clause of the Eighteenth Amendment, vesting in the state a concurrent power to enforce prohibition, passed what is commonly known as the Hood Bill, and therein declared that liquors should only be dispensed for nonbeverage purposes in accordance with regulations prescribed "by the federal authorities." Hence the state has not attempted to prohibit the prescribing and dispensing of liquors for medicinal uses.

The police jury, apparently, assumes to

act under the old local option laws of the state, which gave it authority to regulate or prohibit the liquor traffic in accordance with the will of the local community, as expressed in popular election. However, it is my opinion that, after the coming into force of national prohibition, all such statutes, particularly with respect to regulation, were necessarily repealed, and when the Legislature undertook to put into effect prohibition, it covered the entire field and laid down the rules which were to govern the whole state. This, in my opinion, had the effect of repealing by implication all such powers of the police jury with respect to the matter which had not become obsolete as a result of the Eighteenth Amendment. I can find no such delegation of powers as is here assumed; even in the old statutes it is well settled that police juries, unlike some other subdivisions of the state, possess very limited powers, and only such as are clearly delegated to them.

■ My conclusion is that the ordinance in this instance is invalid, and does not stand in the way of the Prohibition Department in issuing the permits, if the applicants otherwise meet the requirements of the law.

Proper decree may be presented.