818

## BRANDON et al. v. KANSAS CITY SOUTHERN RY. CO.
### No. 2323.

District Court, W. D. Louisiana, Shreveport Division.

April 13, 1933.

Julius T. Long and Barksdale, Bullock, Warren, Clark & Van Hook, all of Shreveport, La., for plaintiffs.

Wilkinson, Lewis & Wilkinson, of Shreveport, La., for defendant.

DAWKINS, District Judge.

Plaintiffs claim damages of the defendant, alleged to have been caused by its negligence in the collision of one of its trains with an automobile. Mrs. Brandon sues for the death of her husband, alleged to have been a guest in the car, while Beale seeks to recover for his own alleged personal injuries and the destruction of his automobile. Defendant pleads misjoinder of parties and causes of action.

The sole, common element is that the damages are alleged to have been caused by the same tort. Neither plaintiff claims or has any interest in the recovery of the other. Different legal principles govern the rights of each. The demand of the one is based upon the loss of support, companionship, etc., of her husband, while the other is for personal injuries, loss of earning power, pain and suffering, drug and doctor's bills, loss of his automobile, etc. Mrs. Brandon would be entitled to recover if the defendant was guilty of negligence contributing to the accident, notwithstanding the negligence of Beale, the driver of the car, since it is alleged that her husband was a guest, unless he could be shown to have himself been guilty of contributory negligence, operating as the proximate cause of the accident; whereas Beale would have to show that the negligence of the defendant alone was the cause of his injuries and loss. There is no state statute governing the matter, and the Supreme Court of Louisiana has held that the joinder of parties plaintiff or defendant or of causes of action are governed by the common law. Gill v. City of Lake Charles, 119 La. 17, 43 So. 897. Federal courts will construe the common law for themselves, uninfluenced by state decisions, unless they are convinced the holdings accord with the federal jurisprudence. In order to join parties as plaintiff in a tort action, each must have an interest in the claim of the other, or some part thereof. 1 C. J. 1095; McCormick v. Kansas City S. R. Co. (D. C.) 11 F.(2d) 670; Baucum v. Jackson (D. C.) 35 F.(2d) 248. See, also, McGee v. Collins, 156 La. 291, 100 So. 430, 34 A. L. R. 336.

My conclusion is that the plea of misjoinder should be sustained. Proper decree should be presented.