ÆTNA CASUALTY & SURETY CO. v. FLAIR et al.

No. 16640.

Court of Appeal of Louisiana. Orleans.

Nov. 15, 1937.

St. Clair Adams & Son, of New Orleans, for appellant.

John A. Woodville and J. L. Warren Woodville, both of New Orleans, for appellee Mrs. Flair.

Titche & Titche and Bernard Titche, Jr., all of New Orleans, for appellee Mrs. Anderson.

McCALEB, Judge.

The plaintiff, Ætna Casualty & Surety Company, has appealed from a judgment dismissing its suit against the defendants, Mrs. Wm. J. Flair and Mrs. Gertrude Anderson, on exception of misjoinder of parties filed by the defendant, Mrs. Flair.

The cause of action set forth by the plaintiff in its petition is as follows:

On May 6, 1931, the plaintiff, an insurance company, executed a certain fidelity bond in the amount of $3,000 to Harmeyer Service, Inc. (a Louisiana corporation operating an automobile service business), whereby it agreed to indemnify said Harmeyer Service, Inc., for such pecuniary loss the latter might sustain through any dishonest act committed by one Fink Joseph Roussel, an employee of Harmeyer Service, Inc. While this bond was in force, the said Roussel embezzled or otherwise committed defalcations of monies belonging to Harmeyer Service, Inc., in an amount in excess of $3,000 (the limit of liability of the plaintiff upon the bond).

Upon notification by Harmeyer Service, Inc., of the defalcations of Roussel, the plaintiff investigated the matter and discovered that Arthur A. Harmeyer (now deceased), who was at that time the president of Harmeyer Service, Inc., was implicated in the shortage of accounts receivable to the extent of $1,492; that the embezzlements of Roussel, up to that amount, were accomplished through the connivance of said Arthur Harmeyer; and that the latter actually received that sum for his personal use.

Arthur A. Harmeyer died on August 13, 1933. His succession was duly opened in the civil district court and, by virtue of a will probated in the mortuary proceedings, Mrs. Wm. J. Flair, one of the defendants herein, was recognized as his universal legatee. Mrs. Flair accepted the succession purely, simply, and unconditionally and was placed in possession thereof by judgment of court dated October 3, 1933.

On September 26, 1934, plaintiff entered into a tentative compromise agreement with Harmeyer Service, Inc., in adjustment of the defalcations of Roussel, whereby plaintiff agreed to pay to Harmeyer Service, Inc., the sum of $1,641.20 in acquittance of any rights which said Harmeyer Service, Inc., had against the plaintiff by reason of the issuance of the aforementioned fidelity bond and, as further consideration for the above-stated payment, the said Harmeyer Service, Inc., was to contemporaneously execute a subrogation agreement whereby the plaintiff would be transferred and subrogated to any claims, privileges, actions, or causes of action which the said Harmeyer Service, Inc., had against Roussel or any other person, persons, or corporation, and in particular against the succession of A. A. Harmeyer or any heirs that may have accepted such succession. It was further agreed that Harmeyer Service, Inc., would cooperate with the plaintiff in obtaining reimbursement under the proposed subrogation agreement and would furnish it with such information or documentary proof as required. In accordance therewith, the board of directors of Harmeyer Service, Inc., called a special meeting and unanimously adopted a resolution authorizing this compromise settlement with the plaintiff.

Harmeyer Service, Inc. (now dissolved), at the time the agreement above alleged

was made, had issued and outstanding 300 shares of capital stock. Mrs. Gertrude Anderson was the owner of 151 shares and the remainder (149 shares) had been inherited by Mrs. Flair from Arthur A. Harmeyer. Of this remainder, 100 shares of stock were placed in the name of Mrs. Flair, 40 shares in the name of her husband, Wm. J. Flair, and 9 shares in the name of her son-in-law, Wharton N. Miller, Jr. All of these stockholders were members of the board of directors of the company.

Plaintiff alleges that, unknown to it and in spite of the resolution of the board of directors of Harmeyer Service, Inc. (in approval of the tentative compromise agreement between the company and plaintiff, including the proposed subrogation to plaintiff of the company's rights against A. A. Harmeyer), these board members, on the same day the resolution was passed (September 26, 1934), entered into a written agreement among themselves whereby Mrs. Anderson covenanted with Mrs. Flair, Mr. Flair, and Mr. Miller for the purchase of the latters' 149 shares of stock in the company for a consideration of $2,000 to be paid as follows:

(1) The sum of $1,492 of the amount received by Harmeyer Service, Inc., in the compromise settlement with the plaintiff (it was contemplated that Mrs. Anderson would divert the foregoing $1,492 belonging to the corporation and pay it to Mr. and Mrs. Flair and Mr. Miller inasmuch as she, by purchase of the stock owned by the Flairs and Miller, would become the sole stockholder of Harmeyer Service, Inc.).

(2) The sum of $268, representing the compromise figure of the indebtedness of Arthur A. Harmeyer to Harmeyer Service, Inc.; it being understood that said payment in compromise would release Mrs. Flair, as heir of Arthur A. Harmeyer, of any and all claims which Harmeyer Service, Inc., had against Arthur Harmeyer arising out of any acts or indebtedness of said Arthur Harmeyer to the corporation.

(3) Cancellation of the indebtedness of Mr. and Mrs. Flair to Harmeyer Service, Inc., amounting to $59.56. And

(4) The remainder, $180.44, to be paid by Mrs. Anderson, together with the $1,492 to be collected from the plaintiff.

The foregoing agreement was conditioned upon the fulfillment of the compromise payment to be made by the plaintiff to Harmeyer Service, Inc., on the fidelity bond, and unless and until the plaintiff paid the amount stipulated for in the tentative compromise with Harmeyer Service, Inc., it was to be without force and effect.

Subsequently, on October 8, 1934, plaintiff, in accordance with its compromise agreement, paid to Harmeyer Service, Inc., the sum of $1,641.20 and, in consideration therefor, the latter released plaintiff from further liability on the fidelity bond, and subrogated plaintiff to whatever right, claim, demand or cause of action it had or might have against Fink Joseph Roussel or against any other person, persons, or corporation and in particular against the succession of A. A. Harmeyer or his heirs. Harmeyer Service, Inc., also set over, assigned, and transferred to the plaintiff "all rights, claims or causes of action that it may have as the result of the complicity of A. A. Harmeyer in the fraud, dishonesty, embezzlement, wrongful abstraction or misappropriation of said Fink Joseph Roussel which caused the alleged shortage or pecuniary loss to Harmeyer Service, Inc." This subrogation was given under the name of Harmeyer Service, Inc., represented by Mrs. W. J. Flair, president, and Gertrude Anderson, secretary and treasurer.

On the same day of the execution of the foregoing subrogation, Mrs. Anderson, in accordance with the agreement previously entered into between herself and the Flairs and Miller, turned over to them the money received from the plaintiff, together with $180.44 cash, canceled the $268 indebtedness of Arthur Harmeyer to Harmeyer Service, Inc., as well as the debt of $59.56 owed by the Flairs to the company, and received in consideration therefor the 149 shares of capital stock in Harmeyer Service, Inc., owned by the Flairs and Miller. Contemporaneously with the purchase of the 149 shares of stock by Mrs. Anderson, she executed individually and, as owner of all of the stock in Harmeyer Service, Inc., the following release, which was given by her to Mrs. Flair:

"New Orleans, La., October 8, 1934.

"In consideration of agreement of date September 26th, 1934, by and between Mrs. Gertrude Anderson and Mrs. William J. Flair, William J. Flair and Wharton N. Miller, Jr. and a further consideration of payment by Mrs. William J. Flair to the Harmeyer Service, Inc. of the sum of

$268.00 and the sum of $59.56 the receipt of which is hereby acknowledged and full acquittance granted therefor. The said Harmeyer Service, Inc. and Mrs. Gertrude Anderson do issue this receipt in full and complete settlement without discussion or division, of any and all claims they have or may have against A. A. Harmeyer growing out of any and all transactions of every nature and character with the said A. A. Harmeyer or Mrs. William J. Flair, his heir.

> "[Signed]   Gertrude Anderson
> "Individually.
> "Gertrude Anderson,
> "Owner of all stock in Harmeyer Service."

After the recital of the foregoing facts, the plaintiff charges that the various agreements entered into between Mrs. Flair, Harmeyer Service, Inc., and Mrs. Gertrude Anderson were made with full knowledge of the fact that Harmeyer Service, Inc., had subrogated all of its rights against the succession of Arthur A. Harmeyer and Mrs. Flair in favor of the plaintiff and that the defendants Mrs. Flair and Mrs. Anderson, were engaged in a conspiracy to defeat the plaintiff of whatever right plaintiff had obtained from Harmeyer Service, Inc., under the subrogation agreement. The petition then concludes with a prayer for judgment against both defendants in solido for the sum of $1,641.20.

To this petition, Mrs. Anderson appeared and filed exceptions of vagueness, no cause of action, and a plea of prescription. Mrs. Flair likewise filed the same exceptions and plea.

The exceptions of both defendants were set down for hearing on June 9, 1936, at which time counsel for Mrs. Flair filed an exception of misjoinder of parties defendant. Counsel for Mrs. Anderson did not urge this exception. Argument was heard by the court and it, being of the view that the exception of misjoinder of parties defendant, filed by Mrs. Flair, was well taken, maintained said exception and dismissed plaintiff's suit as to both defendants. The judge did not, so far as we are advised, express an opinion upon the exceptions and plea presented by Mrs. Anderson.

Counsel for Mrs. Flair tell us here, in oral argument and in brief, that the exception of misjoinder, sustained below, is well founded because both Mrs. Flair and Mrs. Anderson cannot, in any event, be liable to the plaintiff. It is said that if the release given by Mrs. Anderson to Mrs. Flair is invalid (in so far as Mrs. Flair's liability to plaintiff is concerned), then plaintiff is without a cause of action against Mrs. Anderson and, by the same token, if the release is held to be valid and bars plaintiff's right against Mrs. Flair, then she is improperly joined as a defendant. It is further asserted that plaintiff is attempting to maintain two causes of action, one ex contractu against Mrs. Anderson, successor of Harmeyer Service, Inc., and one ex delicto against Mrs. Flair, and that under the law an action ex contractu may not be joined with one ex delicto against two separate defendants where those defendants have no community of interest and where it is plain that, if one is held liable the other must necessarily be exonerated from responsibility. It is also contended that the allegations of plaintiff's petition, with respect to a conspiracy existing between the defendants to defraud it of its rights, are mere conclusions of law and should not be considered inasmuch as the facts, allegedly supporting the conclusion of conspiracy, show that no such unlawful agreement existed.

We conceive that the allegations of the petition disclose a primary cause of action in the plaintiff against Mrs. Flair. It sues as subrogee of Harmeyer Service, Inc., and is entitled to pursue the rights of the latter against her, as heir of A. A. Harmeyer, for the alleged defalcations of the said Harmeyer. This action, based on the subrogation from Harmeyer Service, Inc., is one sounding in tort. See Metropolitan Casualty Insurance Co. of N. Y. v. Bowdon et al., 181 La. 295, 159 So. 394. If the plaintiff is able to prove that A. A. Harmeyer embezzled moneys belonging to Harmeyer Service, Inc., it should rightfully recover against Harmeyer's heir, Mrs. Flair, unless the release given by Mrs. Anderson to Mrs. Flair (discharging Mrs. Flair from any liability for the indebtedness of A. A. Harmeyer to Harmeyer Service, Inc.) is found to have the legal effect of destroying the plaintiff's right of action against her. The question of the validity of the release given by Mrs. Anderson to Mrs. Flair (in so far as it may be said to relieve the latter of responsibility to plaintiff) is not now before us but has been raised by Mrs. Anderson on her exception of no cause of action, which the district judge failed to pass on.

Counsel for defendant, Mrs. Flair, are in error when they maintain that, if the release given by Mrs. Anderson to her is binding on the plaintiff, she is excused from responsibility. In case it should be held that this release had the legal effect of destroying the plaintiff's cause of action against Mrs. Flair, then it would become the duty of the court to examine the plaintiff's second or alternative cause of action, i. e. that Mrs. Flair and Mrs. Anderson conspired to destroy and did actually succeed in depriving the plaintiff of its rights against Mrs. Flair on the subrogation agreement. In other words, plaintiff was vested, by virtue of the subrogation granted to it by Harmeyer Service, Inc., with an absolute right to pursue whatever cause of action Harmeyer Service, Inc., had against Mrs. Flair as heir of A. A. Harmeyer. If this cause of action has not been defeated, by the alleged acts of Mrs. Flair and Mrs. Anderson in attempting to deprive plaintiff of its right, the question of the joint liability of both defendants for wrongdoing passes out of the case and Mrs. Flair alone is liable. But on the other hand, if Mrs. Flair and Mrs. Anderson, acting in concert, have been successful in depriving plaintiff of its initial cause of action against Mrs. Flair and if their acts were done and accomplished with an intention to defraud plaintiff, then both are liable in damages. It will therefore be seen that, no matter in which light the cause of action of plaintiff is viewed, Mrs. Flair is responsible.

■ We have been discussing the ultimate liability of Mrs. Flair in this case, for the purpose of demonstrating that she is without interest to raise the question of misjoinder. For many years, and prior to the decision of the Supreme Court in Dubuisson v. Long et al., 175 La. 564, 143 So. 494, the exception of misjoinder of parties defendant in Louisiana has been generally misunderstood. But it is now definitely established by that authority that only persons who are improperly joined have sufficient interest to raise the question of misjoinder of parties. There, suit was brought against the late Senator Long (then Governor of this state), J. S. Brock, State Bank Commissioner, and St. Landry Bank & Trust Company of Opelousas. Senator Long was not served with citation. The other two defendants appeared and filed exceptions of misjoinder of parties defendant on the ground that Mr. Long was without interest in the case. The Supreme Court held that, while the exception of misjoinder might have been filed by Senator Long, the other defendants were without interest to raise this question. The court discusses the jurisprudence at length and adopts the rule of the common law which is stated in Corpus Juris, vol. 47, p. 229, as follows:

"It is ordinarily held that an objection to misjoinder of parties defendant can be raised only by the party improperly joined and cannot be raised by another defendant, who is properly joined and against whom a cause of action is stated, especially where the misjoined defendant raises no objection, although there is some common law authority to the contrary with regard to actions ex contractu."

The defendants in the Dubuisson Case relied on the cases of McGee v. Collins, 156 La. 291, 100 So. 430, 34 A.L.R. 336, and Davidson v. Frost-Johnson Lbr. Co., 126 La. 542, 52 So. 759, and contended that, when one defendant is improperly joined in a suit, the court must dismiss as to all. But the court distinguished the cited cases on the ground that all parties making the objection in those matters were improperly joined.

Hence, since the Dubuisson Case, we take it to be the settled law of this state that a cause may not be dismissed on exception of misjoinder as to defendants who are properly joined and that such exception may be asserted only by a party improperly joined.

■ In the instant case, Mrs. Anderson has not filed an exception of misjoinder but has been content to rely upon other exceptions which were not passed upon by the district judge. Mrs. Flair is obviously properly joined in the proceeding, for if the plaintiff is able to prove that A. A. Harmeyer embezzled funds belonging to Harmeyer Service, Inc., she will be liable and it matters not whether it is held that the release given her by Mrs. Anderson is invalid with respect to plaintiff's claim, or whether she successfully conspired with Mrs. Anderson to defraud the plaintiff of its rights under the subrogation agreement.

Inasmuch as we find that Mrs. Flair is a necessary and proper defendant in this suit, she is without interest to raise the question of the misjoinder of parties defendant. Consequently, the district judge erred in maintaining the exception filed by her and in dismissing plaintiff's suit as to both defendants.

For these reasons, the exception of misjoinder of parties defendant, filed· by Mrs. Flair, is overruled, the judgment appealed from is reversed, and it is now ordered that this cause be remanded to the civil district court for the parish of Orleans for further proceedings according to law and consistent with the views herein expressed. Defendant Mrs. Wm. J. Flair to pay the costs of this appeal; other costs to await the final determination of the case.

Reversed and remanded.