This is a suit for $750 plus 25% attorney's fees, which the plaintiff, Jack H. Jacobs, claimed as triple damages under Section 205(e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 925(e). The suit is brought against Mr. and Mrs. Wallace L. Bendler, who are alleged to be "jointly, severally and in solido indebted unto your petitioner." The petition alleges that plaintiff entered into a written contract of lease for a period of approximately one year, beginning October 15, 1944, and ending September 30, 1945, covering the premises No. 214 Helois Street, in Metairie, Jefferson Parish, Louisiana, the monthly rental being $85; that on August 12, 1945, plaintiff moved from the premises and after a hearing before the Office of Price Administration, the rental was reduced from $85 to $60, during the ten months of the plaintiff's occupancy and the defendants ordered to pay the excess rent within thirty days; that the defendants failed to make the payment as ordered by the Office of Price Administration and this suit for triple damages resulted.
To this petition exceptions of misjoinder of parties defendant and no cause of action were filed by both Mr. and Mrs. Bendler.
The trial court maintained both exceptions and dismissed the suit. A rehearing was asked for and granted and the exceptions again argued, resulting in the trial court reaffirming its original decision. The plaintiff has appealed.
There is attached to the petition and made part thereof a certain lease in which the lessor is described as "C.J. Tessier, Agent for W.L. Bendler." There is also attached to the petition an order by the New Orleans Defense Rental Area of the Office of Price Administration, signed by A.K. Miller, Rent Director, addressed to C.J. Tessier, and directing the landlord of the premises No. 214 Helois Street, Lower Apartment, Metairie, Louisiana, to return to plaintiff, within thirty days, the excess rental otherwise "the excess payment received will be considered as an overcharge within the meaning of Section 205(e) of the Emergency Price Control Act of 1942, as amended, subjecting you to a damage action in accordance with that section." This order is dated September 6, 1945. There is also attached to the petition a letter dated August 18, 1945, addressed to Mrs. W.L. Bendler, c/o of C.J. Tessier, from which it would appear that the order to refund the excess rent was enclosed, as the letter reads as follows:
"Re: 214 Helois Street "Metairie, Louisiana
"Dear Madam:
"The order herein enclosed is subject to refund of rents collected above the established maximum rents. It will be necessary for you to furnish this office within 30 days of the above date satisfactory evidence that the refunds required by said order have been made."
[1] The jurisprudence with respect to the exception of misjoinder is somewhat confusing, the earlier cases holding that where an exception of misjoinder is maintained, the suit must be dismissed as to all parties. Davidson v. Frost-Johnson Lumber Co., 126 La. 542, 52 So. 759; McGee v. Collins,156 La. 291, 100 So. 430, 34 A. L.R. 336; Babineaux v. Miller, 5 La. App. 605. However, in the case of Dubuisson v. Long et al.,175 La. 564, 143 So. 494, 495, decided in 1932, the Supreme Court in overruling an exception of misjoinder held that the only party who may raise this question is one who has been improperly joined and not those properly made parties to the proceeding and that the suit should proceed against the proper parties, saying:
"Our conclusion is, and we hold, that even though Mr. Long was improperly joined as a party defendant, and even if the petition does show that no judgment could *Page 391 
be rendered against him, the defendants who are properly joined cannot raise the issue of misjoinder as to him."
The Supreme Court distinguished the Long case from the Davidson and McGee cases supra, on the ground that in those cases the parties improperly joined had raised the objection, whereas in the Long case, the party improperly joined had not raised the objection.
In Aetna Casualty Surety Co. v. Flair, La. App.1937, 177 So. 94, 98, we said:
"Hence, since the Dubuisson case, we take it to be the settled law of this state that a cause may not be dismissed on exception of misjoinder as to defendants who are properly joined and that such exception may be asserted only by a party improperly joined."
In view of the authorities referred to, particularly Dubuisson v. Long, the inquiry here is whether from the petition and annexed exhibits it can be judicially determined which of the two defendants is the unnecessary party. The suit is one for triple damages under the Emergency Price Control Act and it grows out of a lease in which the lessor is described as "C.J. Tessier, Agent for W.L. Bendler." The notice of condemnation by the Office of Price Administration is directed to C.J. Tessier, in which reference is made to notice having been given the landlord of premises #214 Helois Street. Thus far it appears that the lessor who has been found guilty of overcharging his tenant in the amount of $25 per month is W.L. Bendler, since the lease describes Tessier as the agent for Bendler and while the "order Decreasing Maximum Rent" is addressed to Tessier individually, it is stated therein that the landlord of the premises No. 214 Helois Street must remit $25 per month to his tenant. However, there is the letter of August 18, 1945, addressed to Mrs. W.L. Bendler, which we have referred to. This letter is apparently' an error since it otherwise appears from the written lease that the husband and not the wife is the lessor. Moreover the notice is important and the letter enclosing it, however addressed, of no consequence.
We are of opinion that it sufficiently appears that the husband is the necessary party and the wife the unnecessary one, consequently, the wife is the only one who can plead misjoinder. As a matter of fact, the learned trial judge seems to have been of the same opinion, though he construed the jurisprudence as warranting the dismissal of the suit. We quote from his reasons for judgment:
"The Court, after giving serious consideration to the arguments of Counsel, and the principle of law enunciaited in the above recited cases, is of the opinion that had the matter of misjoinder of parties defendant been put at issue by Wallace L. Bendler then the Court believes it would follow within the principle enunciated in Dubuisson v. Long, above recited, but as this matter was presented both by Wallace L. Bendler and his wife, alleging that the husband being the head and master of the community that he alone can stand in judgment for the community, follows entirely within the principle as enunciated in McGee v. Collins, as above cited."
[2] Our conclusion is that the exceptions of misjoinder and no cause of action were properly maintained as to Mrs. Wallace L. Bendler, but should have been overruled as to her husband.
For the reasons assigned the judgment appealed from maintaining the exceptions of misjoinder and of no cause of action as to Wallace L. Bendler and dismissing plaintiff's suit is annulled, avoided and reversed, and the case is now remanded to the Twenty-Fourth Judicial District Court for the Parish of Jefferson for further proceedings according to law and not inconsistent with the views herein expressed.
In all other respects the judgment appealed from is affirmed. Cost of appeal to be paid by Wallace L. Bendler.
Affirmed in part; reversed in part and remanded. *Page 392