REGAN, Judge.
Plaintiff, the Ocean Accident and Guarantee Corporation, Ltd., brought this suit: against the defendant, Robert Jefferson &- Son, to recover premiums which had been earned, in the amount of $303.36, by virtue of the sale of policies of workmen’s compensation and liability insurance, purchased’ from plaintiff by defendant. Plaintiff remitted the sum of $3.36 and sued for $300,. together with 5% per annum interest from' September 13, 1948, until paid, in order-not to exceed the jurisdictional monetary-limits of the First City Court.
Defendant appeared and filed an exception of misjoinder of parties defendant together with an answer, as is requisite im the First City Court, denying that the sum. sued for was due plaintiff.
The exception of misjoinder was referred, by the court a qua, to the merits, and. after a trial thereon, there was judgment in. favor of defendant dismissing plaintiff’s, suit. Plaintiff applied for and was denied, a rehearing. Hence this appeal.
The judgment does not reflect any basic: ■reason why the judge of the court a qua decided this matter in favor of defendant,, however, we were informed by counsel for plaintiff, both in oral argument and; in brief, that the judge of the court a qua did maintain the exception of misjoinder of parties defendant. On appeal we have-not had the benefit of defendant’s .presence either in propria person or Iby the representation of counsel.
The evidence reveals that the policies of workmen’s compensation and liability in *731 surance were purchased 'on March 13, 1948, in the name of “Robert Jefferson &' Son”, from the plaintiff herein. Robert Jefferson & Son, on that date, paid a deposit premium in the amount of $119, hut did not pay the ■balance of $303.36 due on these policies, and ■they were cancelled as of August 13, 1948, by the said insurer and suit was filed to .recover the premiums earned thereon.
Plaintiff alleged in its petition that '“Robert Jefferson & Son” was a commercial ■partnership, composed of Robert Jefferson, Jr., and Robert Jefferson, Sr., both of legal age and domiciled in New Orleans, and that they were, individually and in solido in-■dabted unto petitioner; and in conclusion prayed for citation on said defendants, and for judgment against Robert Jefferson & Son, Robert Jefferson, Jr., and Robert Jefferson, Sr., individually and in solido, for the sum of $300 plus 5% interest from ■September 13, 1948, until paid.
In instituting this suit plaintiff had proceeded under the erroneous assumption that ■the trade name of Robert Jefferson & Son -designated a partnership, whereas in the -course of the trial, on the merits, it was revealed, without successful refutation by •plaintiff, that Robert Jefferson & Son represented the trade name under which he, Robert Jefferson, Jr., and he alone, carried •on the business in question. However, plaintiff did establish the fact that the insurance was purchased by Robert Jeffer-son, Jr., to cover “Robert Jefferson & Son”.
The record further reflects that service of -citation was adequately effected upon Robert Jefferson, Jr.
We are of the opinion that plaintiff has ■adequately proven by competent evidence that “Robert Jefferson & Son” are legally indebted to it for the sum of $300 and, therefore, the sole question posed 'by virtue •of the pleadings herein is whether the judge ■of the court a qua, was correct in maintaining the exception of misjoinder of -parties defendant filed by Robert Jefferson, Jr., and, as a consequence thereof, in dismissing plaintiff’s suit.
The jurisprudence concerning the exception of misjoinder was, some years ;ago, quite confused, the earlier cases holding that where an exception of mis-joinder is maintained, the suit must be dismissed as to all parties. Davidson v. Frost-Johnson Lumber Company, 126 La. 542, 52 So. 759; McGee v. Collins, 156 La. 291, 100 So. 430, 34 A.L.R. 336; Babineaux v. Miller, 5 La.App. 605. Apparently this jurisprudence was followed by the trial court in maintaining defendant’s exception of misjoinder of parties defendant and dismissing plaintiff’s suit herein. However, in the leading case of Dubuisson v. Long et al., 175 La. 564, 143 So. 494, decided in 1932, the Supreme Court in overruling an exception of misjoinder held that the only party who may raise this question is the one who has been improperly joined and that the suit should proceed against the proper parties.
The Supreme Court distinguished the Long case from the Davidson and McGee cases, supra, in that in those cases the parties improperly joined had raised the objection, whereas in the Long case the party improperly joined had not raised the objection.
In Aetna Casualty & Surety Co. v. Flair, 177 So. 94, 98, we said: “Hence, since the Dubuisson Case, we take it to be the settled law of this state that a cause may not be dismissed on exception of misjoinder as to defendants who are properly joined and that such exception may be asserted only by a party improperly joined.”
In Jacobs v. Bendler, et ux., 26 So.2d 389, we said: “The only party who may raise question of misjoinder of parties is one improperly joined, and not those properly made parties against whom the suit should proceed.”
For the reasons assigned the judgment appealed from is annulled, avoided and reversed, the exception of misjoinder is overruled, and it.is now ordered that there be judgment herein in favor of the plaintiff, The Ocean Accident & Guarantee Corporation, Ltd., and against the defendant, Robert Jefferson & Son, in the full sum of $300 together with 5% interest per annum from September 13, 1948, until paid and for all costs.
Reversed.