348 So.2d 1256 (1977)
Thomas Ray JOHNSON, Plaintiff-Applicant,
v.
MARVIN CUTRER CONTRACTOR, INC., et al., Defendants-Respondent.
No. 13312.
Court of Appeal of Louisiana, Second Circuit.
June 6, 1977.
*1258 Booth, Lockard, Jack, Pleasant & Lesage by James E. Bolin, Jr., Shreveport, for plaintiff-applicant.
Blanchard, Walker, O'Quin & Roberts by Jerald L. Perlman, Shreveport, for defendants-respondent.
Before PRICE, HALL and MARVIN, J J.
MARVIN, Judge.
On plaintiff's application, we granted alternative supervisory writs to review the lower court's ruling on an exception of improper cumulation of a tort action and a workmen's compensation action. Art. V, § 10 La.Const; Arts. 462, 463 La.C.C.P.
Plaintiff was injured while a guest passenger in an automobile of his corporate employer. The corporation's president, driver of the car, was killed in the accident. Plaintiff's demands against the corporation were for workmen's compensation and against the driver's estate were for personal injury damages.
Joined as defendants were several insurers whose policies allegedly "covered" these and other claims arising out of the accident. Among these defendants was Bituminous Casualty Corporation. Bituminous allegedly insured the workmen's compensation liability (of the corporation) in one policy. Bituminous also allegedly insured the corporation against tort liability under another policy, with the automobile in question being an insured vehicle and the corporate president being an insured driver.
In support of its exception of improper cumulation and misjoinder, Bituminous argues that the actions are not mutually consistent; that they do not employ the same form of procedure; and that there is no community of interest between the parties. C.C.P. Arts. 462, 463.[1] Bituminous contends that while there are some common factual issues, the distinction between the legal issues is "fundamental." The lower court agreed and ordered plaintiff to elect which of the two actions he desired to pursue against Bituminous and to delete from his petition all references to the other action. Plaintiff was allowed 20 days in which to make the election and deletion or suffer dismissal. We reverse.
C.C.P. Art. 462 (cumulation against a single defendant) and C.C.P. Art. 463 (cumulation against plural defendants) are similar in approach, according to the Official Revision Comments. While C.C.P. Art. 462 is the more pertinent article as to Bituminous' exception, we shall accept Bituminous' contention that the real parties are the alleged insureds of Bituminous, pretermitting the question of standing. See Ocean Acc. & Guar. Corp. v. Robert Jefferson & Son, 44 So.2d 730 (La.App.Orl.1950).
The Official Revision Comments (C.C.P. Art. 463(a)) expressly indicate that the requirement of the same form of procedure refers to whether the action is enforceable by ordinary, executory, or summary procedure. The requirement does not refer to liberalized evidentiary and procedural rules in workmen's compensation actions as compared to tort actions. Tate, Work of the Appellate Courts 1968-1969, 30 La.L.R. 286, 288.
*1259 Venue and jurisdiction in plaintiff's actions are proper. C.C.P. Art. 462(1). The procedure applicable to each action is ordinary. C.C.P. Art. 462(2). We also find that the cumulated actions are mutually consistent, ibid.
While the articles here under consideration were not discussed there, our Supreme Court considered in Champagne v. American Southern Insurance Company, 295 So.2d 437 (La.1974), whether a jury trial request could be defeated by joining as a principal party defendant, the State, against whom jury trial is forbidden by law. The court said the "better practice" is to permit but one trial with the judge deciding some issues and the jury deciding others. Likewise, the workmen's compensation law envisions the employer, as well as the employee, joining a tortfeasor as a defendant in circumstances similar to this case. R.S. 23:1101.
In Miller v. Commercial Union Companies, 305 So.2d 560, 562, 563 (La.App. 2d Cir. 1974), we noted that our cumulation articles were liberal and that
"A plaintiff may cumulate against a defendant all consistent actions, even though based on different grounds . . .",
providing other procedural requirements were satisfied. We are not persuaded differently by McCormick v. Kansas City Southern Ry. Co., 11 F.2d 670 (U.S.D.C., W.D.La.1926).
"`. . . The duties and obligations of persons who through their fault injure others to respond to the injured person in damages are fixed by article 2315 of the Civil Code. The fact that the injured person is an employee of another does not affect these obligations. Whether the response is to be made through an action brought by the employee or by his employer as subrogee affects neither his rights nor his obligations.'" Marquette Casualty Company v. Brown, 235 La. 245, 103 So.2d 269, 272 (1958).
In Brown v. Crown-Zellerbach Corporation, 112 So.2d 150 (La.App. 1st Cir. 1959), it was also recognized that there is but one cause of action against a tortfeasor for injuries sustained by an employee and that this cause may be asserted by either the employee or the employer for reimbursement of compensation paid. In Brown, the court noted that the workmen's compensation action and the tort action were properly tried together.
Bituminous illustrates its argument of inconsistency by showing the difference in result as to itself depends on whether or not it is decided that plaintiff was in the scope and course of his employment when the accident occurred. Bituminous says if that issue is decided affirmatively, its alleged liability policy would not provide coverage because of a policy exclusion and that if decided negatively, its alleged workmen's compensation policy would not provide coverage. While this may be true, this fact does not make the cumulated actions inconsistent. The question in the workmen's compensation action is not one of coverage under the policy but of basic liability of the employer under the workmen's compensation law, against which Bituminous allegedly insures. In the tort action, the question is one of policy exclusion, but this question is immaterial to the basic tort liability of the driver of the car. The driver of the car may be liable in tort whether or not coverage exists under the alleged policy.
The requirement of mutual consistency in C.C.P. Art. 462(2) is imposed on the cumulated actions and not on the alleged defenses to the cumulated actions by a defendant in Bituminous' circumstances. It does not avail Bituminous to contend that the requirements of the Code of Civil Procedure are not met because of alleged inconsistent defenses.
Where there is but one accident to an employee, the employee may cumulate his action against the employer for workmen's compensation and his action against the tortfeasor for negligent injury without pleading in the alternative. Brown, supra. Marquette Casualty Company, supra. The fact that one insurer under separate policies insures the liability of each defendant is *1260 immaterial. As we said in Miller, supra, although the liability of defendants is based on separate causes of action, the causes of action arise out of the same facts. Bituminous wears two hats because it elected to do so, not because the law required. If plaintiff had brought separate actions against the employer and the tortfeasor, Bituminous' predicament would be the same. Either this plaintiff was or was not within the course and scope of his employment when injured. The liability of the tortfeasor, however, does not depend on resolution of this issue and the inconsistency Bituminous alleges and illustrates, on examination, is revealed paralogistic.
The articles of our Code of Civil Procedure are to be construed liberally in the interest of fairness to the litigants and of judicial efficiency. C.C.P. Art. 5051.
We also observe that the lower court erred in ordering an election of actions, as opposed to requiring separate trials, without some evidence of unusual circumstances, inconsistent results, or prejudice to a party. See Comment (b), LSA-C.C.P. Art. 464; Tate, Work of the Appellate Courts 1968-1969, 30 La.L.R. 286, 288 (1969).
Nothing we say here, however, prevents the lower court from exercising its discretion under C.C.P. Art. 465, by ordering separate trials of cumulated actions if it finds such a course of action is desirable either to simplify the proceedings or to permit a more orderly disposition of the case or when it finds separate trials are otherwise in the interest of justice. Miller, supra.
The alternative writs are made absolute. The ruling of the lower court compelling plaintiff to elect his action and amend his petition is reversed and the exception is hereby overruled, at the cost of Bituminous. We remand for further proceedings consistent with this opinion.
REVERSED, RENDERED and REMANDED.
NOTES
[1] C.C.P. Art. 462 reads:

"A plaintiff may cumulate against the same defendant two or more actions even though based on different grounds, if:
"(1) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
"(2) All of the actions cumulated are mutually consistent and employ the same form of procedure.
"Except as otherwise provided in Article 3657, inconsistent or mutually exclusive actions may be cumulated in the same judicial demand if pleaded in the alternative."
C.C.P. Art. 463 reads:
"Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:
"(1) There is a community of interest between the parties joined;
"(2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
"(3) All of the actions cumulated are mutually consistent and employ the same form of procedure.
"Except as otherwise provided in Article 3657, inconsistent or mutually exclusive actions may be cumulated in the same suit if pleaded in the alternative."