396 So.2d 990 (1981)
KRAWFISH KITCHEN RESTAURANT, INC., Plaintiff-Appellant,
v.
Lee ARDOIN, d/b/a R & L Asphalt Paving Co., Inc., et al., Defendants-Appellees.
No. 8102.
Court of Appeal of Louisiana, Third Circuit.
March 11, 1981.
*991 Domengeaux & Wright, William P. Rutledge, Lafayette, for plaintiff-appellant.
Young & Burson, I. J. Burson, Jr., Eunice, for defendants-appellees.
Before GUIDRY, CUTRER and LABORDE, JJ.
CUTRER, Judge.
This is a suit for damages arising out of an alleged breach of a construction contract to lay asphalt upon plaintiff's parking lot. The plaintiff appeals from a judgment dismissing its suit against one of the defendants, Lee Ardoin, by sustaining exceptions of no cause of action and improper joinder of parties filed by Ardoin.
We will first address the issue of whether the trial court correctly sustained the exception of no cause of action.
The function of the peremptory exception of no cause of action is to test the sufficiency in law of the petition. In the case of Guillory v. Nicklos Oil and Gas Company, 315 So.2d 878 (La.App. 3rd Cir. 1975), this court summarized the function and principles regarding consideration of such exceptions as follow:

"The peremptory exception of no cause of action C.C.P. art. 927(4) questions whether the law affords any remedy to the plaintiff under the allegations of his petition. No evidence may be introduced to support or controvert an objection that the petition fails to state a cause of action. C.C.P. art. 931. American Creosote Company v. Springer, 257 La. 116, 241 So.2d 510 (1970). The exception is triable solely on the face of the petition. All well pleaded facts in the petition and attached documents must be accepted as true and any doubts must be resolved in favor of the sufficiency of the pleading to state a cause of action. The exception must be overruled unless the allegations affirmatively establish that under no facts admissible under the allegations of the petition does plaintiff have a cause of action. See Hero Lands Company v. Texaco. Inc., 310 So.2d 93 (La.1975); Watkins v. Louisiana High School Athletic Ass'n, 301 So.2d 695 (La.App. 3rd Cir. 1974)."

Plaintiff's petition filed suit against "Lee Ardoin d/b/a R & L Asphalt Paving Company, Inc. and R & L Asphalt Paving Company, Inc." alleging that it had entered into a construction contract with defendants wherein defendants were to perform the construction of the asphalt paving of a parking lot at plaintiff's restaurant.
Plaintiff alleges that defects occurred and thereby seeks damages, praying for judgment against defendants for breach of warranty.
Attached to the petition, and made a part thereof, is the alleged contract which we will reproduce. This contract is as follows:
 CONTRACT
CONTRACT ENTERED INTO UNITED STATES OF AMERICA
BETWEEN
 STATE OF LOUISIANA
R. &. L. ASPHALT PAVING CO. INC.
 AND PARISH OF ST. MARTIN
CRAWFISH KITCHEN RESTAURANT, INC.,
through their authorized officer,
Elmer Naquin
 For and in consideration of the sum of FOURTEEN THOUSAND AND
NC/100 ($14,000.00) DOLLARS I, LEE ARDOIN, agree to asphalt the
*992
parking lot of CRAWFISH KITCHEN RESTAURANT which restaurant is owned
by Crawfish Kitchen REstaurant, Inc. and is located in St. Martin
Parish, Breaux Bridge, Louisiana. In consideration of my asphalting
the parking lot, approaches and exists, of the said restaurant, Elmer
Naquin, as an officer of Crawfish Kitchen Restaurant, Inc. agrees to
pay me the sum of FOURTEEN THOUSAND AND NO/100 ($14,000.00) DOLLARS.
 I, LEE ARDOIN, in consideration of the $14,000.00 and my asphalting
the parking lot, agree to repair and maintain the said parking
lot at my cost for a period of one year from this date. In
In connection with same I, Lee Ardoin, agree to warrant my product
for the same period of one year against and any and all defects and
as stated above will repair and maintain the said parking lot under
this warranty agreement for the period of one year. Futhermore, I
agree to periodically check the parking lot in connection with maintenance
and repair under the warranty granted above. It is understood
that this warranty covers any and all defects as to workmanship, product,
material and drainage in connection with the parking lot. It is
further understood that the maintenance and repair of the above will
be done at my costs for the period of one year.
 It is further agreed by the said Lee Ardoin that he will
return to the said parking lot for the purpose of stripping parking
lanes, driving lanes, etc. within a period of three(3) three months
from the date of this contract.
 SIGNED at Breaux Bridge, Louisiana, this 10th day of
September, 1976.

Defendant filed the exception contending that:
"Plaintiff has no cause of action against Lee Ardoin individually because the contract sued upon was entered into by Lee Ardoin as an officer of R. & L. Asphalt Paving Company, Inc., and said corporation, its equipment and personnel executed the contract in its entirety."
The exception of no cause of action presents the question of whether the petition states a cause of action against Lee Ardoin personally.
As we examine the allegations of the petition and the document attached thereto, we conclude that the trial court erred in sustaining the exception of no cause of action.
*993 The petition names "Lee Ardoin d/b/a R & L Asphalt Paving Company, Inc." as a defendant. The contract is signed by "Lee Ardoin d/b/a R & L Asphalt Paving Co., Inc." The fact that Ardoin signed the instrument in such a manner does not mean that he was signing on behalf of the corporation or as an officer of the corporation.
The court in the case of Southern Ins. Co. v. Consumer Ins. Agcy., Inc., 442 F.Supp. 30 (E.D.La.1977), was faced with the effect of a contract signature which was in the following form: "W. C. Moore d/b/a Consumer Insurance Agency, Inc. of New Orleans." After finding that such a signature created personal liability under Texas law, the court stated that such signature creates the same personal obligation under Louisiana law, as follows:
"In Louisiana, where defendant conducted business, the phrase is given the same meaning as it is in Texas and in common parlance. LSA-C.C.P. Art. 736 states:
`A person who does business under a trade name is the proper defendant in an action to enforce an obligation created by or arising out of the doing of such business.'

"The rationale of this interpretation, which has also been reached in other states, was explained in Duval v. Midwest Auto City, Inc., D.Neb.1977, 425 F.Supp. 1381, 1387:

`The designation "d/b/a" means "doing business as" but is merely descriptive of the person or corporation who does business under some other name. Doing business under another name does not create an entity distinct from the person operating the business. The individual who does business as a sole proprietor under one or several names remains one person, personally liable for all his obligations. So also with a corporation which uses more than one name.'"
Following this reasoning, we conclude that the petition, when considered along with the document annexed thereto, states a cause of action against Lee Ardoin. The trial court erred in its ruling otherwise.
Ardoin's dilatory exception of improper joinder of parties is likewise without merit. The only party who may raise the question of improper joinder of parties is the party who has been improperly joined. Such remedy is not available to a party who is properly joined. Ocean Acc. & Guar. Corp. v. Robert Jefferson & Son, 44 So.2d 730 (La.App. Orleans 1950); Jacobs v. Bendler, 26 So.2d 389 (La.App. Orleans 1946). Since we have concluded that Lee Ardoin was properly joined as a party in this suit, the remedy of improper joinder of parties is unavailable to him. The trial judge erred in granting this exception.
For these reasons the judgment of the trial court is reversed and the case is remanded for further proceedings according to law and consistent with this opinion. The costs of this appeal are assessed against defendants-appellees. Assessment of costs in the trial court must await a final judgment there.
REVERSED AND REMANDED.
GUIDRY, J., concurs.