708 So.2d 822 (1998)
Wilbur and Norma CARRIERE, as legal guardians of the minor, Taija Rae Brooks, Plaintiffs-Appellees,
v.
STATE of Louisiana, Through the DEPARTMENT OF SOCIAL SERVICES, et al., Defendants-Appellants.
No. 97-1305.
Court of Appeal of Louisiana, Third Circuit.
March 6, 1998.
*823 J. Minos Simon, Lafayette, for Wilbur and Norma Carriere, et al.
Victoria Reed Murray, for State of La., Thru Dept. of Social Services, et al.
Before DECUIR, AMY and PICKETT, JJ.
DECUIR, Judge.
This is an appeal by the State of Louisiana, through the Department of Social Services, and foster parents, Darlene and Richard Moreau, from a grant of summary judgment in favor of Wilbur and Norma Carriere, as legal guardians of the minor child, Taija Rae Brooks. For the reasons that follow, we reverse.

FACTS
Wilbur and Norma Carriere, the paternal grandparents of the minor child, Taija Rae Brooks, instituted this suit to recover damages for injuries sustained by Taija. Taija suffers from spina bifida. At the time of the relevant events in this case, she was four years old. The State had removed Taija from the custody of her parents due to validated complaints of abuse through physical and medical neglect. She was placed in the home of foster parents, Darlene and Richard Moreau.
On April 2, 1993, the school nurse discovered lesions to Taija's vagina while preparing her for the routine catherization necessitated by her condition. The nurse indicated that she believed the injury could have happened while physically separating the labia for catherization. Taija was subsequently examined by two physicians who concluded that she suffered from a tear that ran from her vagina to her anus. The physicians concluded that the injury was caused by blunt trauma and that it was unlikely that even improper catherization could have caused the injury. Both physicians indicated that an investigation of possible sexual abuse was indicated. After the State completed its investigation and declined to pursue legal sanctions against the Moreaus, the Carrieres instituted this suit on behalf of Taija.
During discovery the State vigorously resisted release of its records to the extent of taking supervisory writs to this court. This court ordered the State to produce the records for in camera inspection by the trial court to determine if they were discoverable. The State applied for a writ of certiorari to the Louisiana Supreme Court. The court denied the writ and the State produced the records for in camera inspection. The trial court found the records discoverable and allowed all parties to make copies as needed.
The Carrieres subsequently filed a motion for summary judgment on the issue of liability. In support of the motion, the Carrieres submitted copies of the records produced by the State for in camera inspection, and an affidavit by their attorney, Minos Simon, regarding the method by which the records were obtained. The trial court granted the motion for summary judgment. The defendants filed a Motion to Reconsider the Motion for Summary Judgment on Liability or in the Alternative Motion for Stay Pending Action on Appeal. The trial court denied both motions. The defendants lodged this appeal alleging several assignments of error.

SUMMARY JUDGMENT
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Potter v. First Federal S & L, 615 So.2d 318 (La.1993). A motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits show that there exists no genuine issue as to any material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966; Haywood v. Louisiana Sugar Cane Products, 96-1151 (La.App. 3 Cir. 3/5/97); 692 So.2d 524.
*824 The first issue that must be addressed in reviewing a trial court's grant of summary judgment is whether any genuine issues of material fact exist. Smith v. Our Lady of the Lake Hosp. Inc., 93-2512 (La.7/5/94); 639 So.2d 730, appeal after remand, 96-1837 (La.9/27/96); 680 So.2d 1163. The reviewing court must next address whether reasonable minds could conclude, based on the facts presented, the mover is entitled to judgment. Id. In other words, summary judgment is appropriate when all relevant facts are brought before the court, the relevant facts are undisputed, and the sole issue remaining is the conclusion to be drawn from the relevant facts. Id.
If the mover's supporting documentation is sufficient to establish that no genuine issue of material fact exists, the burden of proving the existence of a genuine issue of material fact shifts to the non-moving party. McCoy v. State Farm Mut. Auto. Ins. Co., 95-689 (La.App. 3 Cir. 11/2/95); 664 So.2d 572. To satisfy his burden of proof the non-moving party must not rely on the mere allegations or denials of his pleadings, but his response must set forth specific facts showing that there is a genuine issue for trial. La.Code Civ.P. art. 967.
In the present case, the defendants allege that there are genuine issues of material fact in dispute. We agree.
The submitted materials fail to establish what caused the injuries sustained by Taija or at exactly what time the injuries occurred. For instance, the evidence fails to establish that Taija's injuries did not occur while she was in the custody of the school system rather than in the custody of the foster parents. The nurse and the physicians disagreed as to whether the injury could have been caused by the catheterization process itself. This places the trial court in the position of making a credibility determination. Issues of credibility have no place in summary judgment procedure. Hinds v. Clean Land Air Water Corp., 96-1058 (La. App. 3 Cir. 4/30/97); 693 So.2d 321. Any of the State's conclusions, which are contained within the records, cannot be substituted for the fact-finding process provided by a trial. The plaintiffs argue that these factual issues are immaterial to the liability of the defendants because they were responsible for Taija's care. We must disagree. The time and nature of Taija's injury are critical in determining whether there were intervening causes beyond the control of the State and the foster parents or whether their failure to prevent the injuries was in fact negligent. Accordingly, the trial court erred in granting the motion for summary judgment.
The defendants' remaining assignments of error need not be addressed.

CONCLUSION
For the foregoing reasons the trial court's grant of summary judgment on the issue of liability against the State, through the Department of Social Services, and Darlene and Richard Moreau is reversed. The case is remanded to the trial court for further proceedings. All costs of this appeal are taxed to the State of Louisiana, through the Department of Social Services.
REVERSED AND REMANDED.