739 So.2d 269 (1999)
Leander SMITH
v.
Dean BERTEAU, et al.
No. 98 CA 1438.
Court of Appeal of Louisiana, First Circuit.
June 25, 1999.
*270 Michael C. Palmintier, Baton Rouge, for Plaintiff/Appellant, Leander Smith.
John W. Perry, Jr., Baton Rouge, for Intervenor/Appellant, Commercial Union Insurance Co.
Stephen M. Joffrion, Gonzales, for Defendant/ Appellee, Dean Berteau.
H. Evans Scobee, Baton Rouge, for Defendant/ Appellee, Empire Insurance Co.
Before: CARTER, C.J., SHORTESS, and WHIPPLE, JJ.
CARTER, C.J.
The issue on appeal in this personal injury suit is whether or not the trial court erred in granting summary judgment in *271 favor of the general liability insurer of plaintiff's employer.

FACTS
On January 25, 1985, plaintiff, Leander Smith, was injured at his place of employment when a coemployee, Dean Berteau, accidentally shot him. The bullet struck Smith in the elbow, and he also sustained a broken thumb when he fell to the ground. Smith was immediately rushed to the hospital in Gonzales, whereupon he was stabilized and then sent to Earl K. Long Hospital in Baton Rouge for the removal of the bullet from his arm.
After his injury, Smith reported he could no longer use his arm and he could not completely straighten it. He underwent a second operation and participated in some physical therapy. However he could not continue the physical therapy because he was unable to afford it. Smith indicated his doctor had explained the need for another surgical procedure which would help his arm, but he did not have the financial resources to have it done.
Approximately two weeks after the shooting, on February 6, 1985, Smith signed a document entitled Receipt and Release in the office of his employer's attorney. The agreement purported to be a release of Berteau, James Gore, and James Gore, Jr. from Smith's damage claims arising from the January 25, 1985 shooting. The record indicates Smith received checks totaling $2,191.00 pursuant to this agreement. The agreement also provided for payment of all Smith's medical expenses.
Smith filed a worker's compensation suit against his employer, Buddy Gore Used Cars, Inc. (Gore), and Commercial Union Insurance Company (Commercial), the workers' compensation insurance carrier of Buddy Gore Used Cars, on October 31, 1985. The parties to that suit entered into an agreement in which Smith allegedly settled all claims arising out of the accident for $21,500.00.
On April 29, 1985, Smith filed a negligence suit against Berteau and Gore's general liability insurer, Empire Fire & Marine Insurance Company (Empire). Commercial intervened in the suit, contending it was subrogated to Smith's rights to the extent of all worker's compensation payments it made to him.
In the negligence suit which is the subject of this appeal, Empire filed a motion for summary judgment, alleging that Smith's sole remedy was in worker's compensation and that Smith had compromised any claim he may have had against Berteau by virtue of the release agreement signed February 6, 1985.
The trial court granted Empire's motion for summary judgment, and Smith and Commercial appealed. This matter was the subject of a prior unpublished opinion, Smith v. Berteau, 91-CA-0257, issued on September 3, 1991, wherein this court remanded the matter to the trial court for supplementation of the record with the exhibits, which were attached to the motion for summary judgment.
Smith alleges that Empire has not clearly established that there are not any disputed issues of material fact, in particular, whether workers' compensation is plaintiff's only remedy for his injures, and whether Berteau was within the normal course and scope of his employment at the time he shot plaintiff.

DISCUSSION
Following the 1997 amendment of the summary judgment law, summary judgments are now favored, and shall be used to "secure the just, speedy, and inexpensive determination" of all actions, except those excluded by LSA-C.C.P. art. 969. LSA-C.C.P. art. 966 A(2); Ledet v. Leighton, 98-952, p. 2 (La.App. 3rd Cir.2/3/99); 736 So.2d 854, writs denied, 99-0626 and 99-0640 (La.4/23/99); ___ So.2d ___, ___. The amendment is procedural and is to be applied retroactively. Morgan v. Earnest Corporation, 97-0869, p. 7 (La. *272 App. 1st Cir.11/7/97); 704 So.2d 272, 276, writ denied, 97-3031 (La.2/20/98); 709 So.2d 775.
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Peak v. Tuscaloosa Commerce Bank, 96-1258, p. 4 (La.App. 1st Cir.12/29/97); 707 So.2d 59, 61. The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966 B; Peak, 707 So.2d at 61. Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Rambo v. Walker, 97-2371, p. 4 (La.App. 1st Cir.11/6/98); 722 So.2d 86, 88, writ denied, 98-3030 (La.1/29/99); 736 So.2d 840.
There are two exceptions to the rule that worker's compensation is the employee's exclusive remedy against a fellow worker or employer, viz: (1) those injuries occasioned by the intentional acts of a fellow worker or employer and (2) those injuries which occur outside the course and scope of the employment. Eitmann v. West, 411 So.2d 1127, 1130 (La.App. 4th Cir.), writ denied, 415 So.2d 951 (La.1982). Although LSA-R.S. 23:1032 provides tort immunity to the employer and coemployee of an injured employee, the employee is free to seek tort recovery from an employee who caused the injury, when the coemployee was not engaged in the normal course and scope of his employment at the time of his injury. Citizen v. Theodore Daigle and Brother, Inc., 418 So.2d 598, 600 (La.1982).
In other words, the criteria of course and scope plays a crucial role in determining what actions an injured employee may maintain. It is possible for an injured employee to maintain a workers' compensation claim against his employer if at the time the employee was injured, he was in the course and scope of his employment. In addition, it is possible for the same employee seeking a remedy against his employer under the workers' compensation act to properly maintain a tort action against a coemployee who caused his injuries if the coemployee was not within the course and scope of his employment at the time he caused injuries to the claimant.
In granting Empire's motion for summary judgment, the trial court found that Smith judicially confessed that his rights, as against his employer, arose under worker's compensation law. However, after our review of the records, we find that Smith never made an assertion that Berteau was in the course and scope of his employment at the time he shot Smith. The compromise agreement settling Smith's worker's compensation claim confesses that Smith was in the course and scope of his employment at the time he sustained his injury. However, the pleadings in this record specifically do not state anywhere that Berteau was in the normal course and scope of his employment at the time the shooting occurred. Accordingly, there is no judicial confession that would prohibit Smith from pursuing a tort action against Berteau and Empire.
Smith is entitled to maintain a separate tort action against Berteau if Berteau was not in the course and scope of his employment. Based on the conflicting versions of the accident as reflected by the depositions of Berteau and Smith, we find there is an issue of material fact as to whether Berteau was in the course and scope of his employment at the time he shot Smith. This is an issue that should be determined after a trial on the merits.
Empire also asserted that a Receipt and Release agreement executed by Smith on February 6, 1985, settled all of his claims against Dean Berteau, James E. Gore, and James E. Gore, Jr. The amount *273 of consideration given in exchange for the agreement was $150.00 per week for a 90-day period, and the payment of any medical bills incurred by Smith. The agreement was signed by Smith, Berteau, James Gore, James Gore, Jr., and a witness and was notarized.
Smith's opposition argues that he did not understand the effect of the release agreement. Smith has an eighth grade education and admitted in his deposition that he cannot read very well. According to Smith's deposition, he thought the release would merely allow him to receive worker's compensation benefits. At the time the release was signed, Smith did not have an attorney present. It is also significant to note that Smith may not have realized the full extent of his injury at the time the February 6, 1985 agreement was signed.
Smith's opposition to Empire's motion for summary judgment is grounded in Civil Code articles 3073 and 3079. LSA-C.C. art. 3073 provides:
Transactions regulate only the differences which appear clearly to be comprehended in them by the intention of the parties, whether it be explained in a general or particular manner, unless it be the necessary consequence of what is expressed; and they do not extend to differences which the parties never intended to include in them.
The renunciation, which is made therein to all rights, claims and pretensions, extends only to what relates to the differences on which the transaction arises.
LSA-C.C. art. 3079 provides:
A transaction may be rescinded notwithstanding, whenever there exists an error in the person or on the matter in dispute. It may likewise be rescinded in the cases where there exists fraud or violence.
There is substantial jurisprudence allowing a recission of a compromise based on LSA-C.C. arts. 3073 and 3079 in situations where the releasor did not fully understand the nature of the rights being released, or where the releasor did not intend to release certain aspects of his claim. See Higgins v. Spencer, 531 So.2d 768, 772 (La.App. 1st Cir.), writ denied, 532 So.2d 106 (La.1988), and authority cited therein.
From a review of the record, we find that there are significant issues of material fact regarding whether Smith understood the nature of the document he signed on February 6, 1985, and what aspects of his claim that he intended to release. Accordingly, these serious questions and issues surrounding Smith's understanding and intent in signing the February 6, 1985 agreement also warrant a denial of Empire's motion for summary judgment so they can be fully addressed at a trial on the merits.

CONCLUSION
Based on the foregoing, we find the trial court erroneously granted the motion for summary judgment filed by Empire Fire & Marine Insurance Company. We find there are issues of material fact which must be resolved by a trial on the merits. The judgment of the trial court is hereby reversed with all costs of the appeal assessed to Empire Fire & Marine Insurance Company.
REVERSED.