| .PICKETT, Judge.
This is a case disputing the permissibility of TCA Cable erecting a utility pole and equipment on a parcel of land at the intersection of two state highways. The State, through the Department of Transportation and Development (“DOTD”), allegedly has a right of way upon which the pole at issue was erected. The DOTD was joined as a defendant for authorizing a project permit after the utility poles and equipment had already been erected without the consent of the adjacent landowners, Plaintiffs. DOTD filed a Motion for Summary Judgment which was granted in its favor. Plaintiff now appeals that decision. For the following reasons, we affirm.
BACKGROUND
Telecable Associates, Inc. (“TCA Cable”) operates a cable television system in New Iberia, Louisiana pursuant to a cable franchise ordinance issued by the city. TCA Cable placed a stub pole with a large piece of equipment on it at the intersection of Louisiana Highway 182 and Louisiana Highway 677. The pole and equipment box are located on the State highway right of way, in front of the commercial buildings owned by the Perrons, the Plaintiffs.
The Plaintiffs’ commercial property is bordered on three sides by heavily traveled State highways. TCA Cable erected *916 a utility pole at the Northeast corner of the property. The Plaintiffs made demand upon TCA Cable that it remove the pole or pay rent for use of the property. TCA Cable refused.
The Plaintiffs filed suit against TCA Cable for damages and asked for removal of the pole and equipment. TCA Cable claimed that its Franchise Ordinance with the City of New Iberia and its permit from the DOTD give it the authority to locate its equipment on public rights of way. TCA Cable requested a permit from the DOTD after the poles were erected. This permit was not obtained until after the dispute | {.commenced.
The Plaintiffs filed suit for removal of the pole and for rent. TCA Cable filed an Answer claiming that the pole was not on the Plaintiffs’ property, but on the public right of way. TCA Cable also argued that its franchise agreement with the City of New Iberia and its permit from the State of Louisiana gave it the right to located the pole on the public right of way.
The Plaintiffs then joined the City of New Iberia and the State of Louisiana (DOTD) as additional defendants. The Plaintiffs alleged, in part, that the DOTD had no authority to grant a permit to TCA Cable absent a requirement that the landowners be paid just compensation.
The DOTD filed a cross-claim against TCA Cable for indemnification. The City of New Iberia was dismissed on its Exception of No Cause of Action. DOTD was later granted a Motion for Summary Judgment in its favor and also dismissed. Plaintiff now appeals that judgment.
ASSIGNMENT OF ERROR
The trial judge was clearly wrong when he granted the motion for summary judgment filed by the State of Louisiana through the Department of Transportation, dismissing the claim of Gerard Per-ron and Loretta Perron.
OPINION
Plaintiffs assert that the trial court erred in granting the DOTD’s Motion for Summary Judgment. The Plaintiffs argue Summary Judgment is inappropriate and the DOTD is liable for two reasons: (1) the right of way given to DOTD in 1930 for a roadway was for a roadway only and did not include the right to erect utility poles, and (2) the DOTD was without authority to issue the permit.
^Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Potter v. First Fed. Sav. & Loan Ass’n of Scotlandville, 615 So.2d 318 (La.1993). A motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits show that there exists no genuine issue as to any material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B); Haywood v. Louisiana Sugar Cane Prods., 96-1151 (La.App. 3 Cir. 3/5/97); 692 So.2d 524; Carriere v. State, Through Dep’t of Soc. Servs., 97-1305 (La.App. 3 Cir. 3/6/98); 708 So.2d 822, writ denied, 98-0958 (La.5/29/98); 720 So.2d 335
First, we look to the permit issued to TCA Cable by the DOTD. The DOTD is statutorily authorized to issue the permit. This authority is granted pursuant to La. R.S. 48:381, which states in relevant part:
A. When not inconsistent with the purposes of state highways, the chief engineer may issue permits for the use and occupancy of the rights-of-way of state highways as follows:
[[Image here]]
(2) For the installation, operation, and maintenance of overhead cables, pipes, conduits, or wires, together with appropriate supporting structures, for the conveying or transporting of fluids, telephone or telegraph messages, cable tele *917 vision signals, or electric current for any purpose.
The next question is whether the DOTD violated the Plaintiffs’ rights by failing to first get the adjoining landowner’s consent and providing just compensation as required by La.R.S. 45:781. La.R.S. 45:781 states:
A. Corporations, domestic or foreign, formed for the purpose of transmitting intelligence by telegraph or telephone or other system of transmitting intelligence, may construct and maintain telegraph, telephone or other lines necessary to transmit intelligence along all public roads or public works, and along and parallel to any of the railroads in the state, and along and over the waters of the state, if the | ¿ordinary use of the roads, works, railroads, and waters are not obstructed, and along the streets of any city, with the consent of the city council or trustees. Such companies, shall be entitled to the right of way over all lands belonging to the state and over the lands, privileges and servi-tudes of other persons, and to the right to erect poles, piers, abutments, and other works necessary for constructing and maintaining lines and works, upon making just compensation therefor. If the company fails to secure such right by consent, contract or agreement upon just and reasonable terms, then the company has the right to proceed to expropriate as provided by law for railroads and other works of public utility, but shall not impede the full use of the highways, navigable waters, or the drainage or natural servitudes of the land over which the right of way may be exercised. No company, operating under the provisions of this Section, shall contract with the owners of land or with any other corporation for the right to erect and maintain any telephone, telegraph or other line for transmission of intelligence over its lands, privileges or servitudes, to the exclusion of the lines of other companies operating under the provisions of this Section.

(Emphasis added.)

The Plaintiffs argue that La.R.S. 45:381 and La.R.S. 45:781 should be read hand in hand to provide that the DOTD is authorized to issue a permit to a cable operator only if the landowner gives consent or receives just compensation. The DOTD argues that the permit is valid, and the duty falls on TCA Cable to get the property owner’s consent.
Attached to the “Project Permit” issued to TCA Cable is a list of limitations that are imposed on the permit, which includes the following conditions:
FIRST: That, the rights and privileges granted herein shall be nonexclusive and shall not be construed to be any broader than those expressly set out in Acts of Legislature of the State of Louisiana, regardless of the language used in this permit and that any fixtures or appurtenances placed on the highway right-of-way shall be placed in accordance with existing laws and the standards of the Department.
[[Image here]]
NINTH: That the applicant is the owner of the facility for which a permit is requested, and is responsible for maintenance of said facility; and any said permit granted by the Department is granted only insofar as the Department had the power and right to grant the same.

(Emphasis added.)

IsThe DOTD is statutorily authorized under La.R.S. 45:381 to issue a permit to TCA Cable to use the right of way. However, the DOTD is authorized to permit only such use that is within its rights to the right of way. As noted in the conditions applied to the permit, that is all the DOTD authorized. TCA Cable must comply with La.R.S. 45:781 by seeking the *918 landowner’s consent or providing just compensation.[1]
Therefore, liability, if any, falls on TCA Cable. For the purposes of liability, we find the DOTD was authorized to issue the permit with conditions and that the Motion for Summary Judgment should be affirmed.
All costs of this appeal are assessed against the Plaintiffs.
AFFIRMED.

. See Gaspard v. St. Martin Parish Sewerage Dist. No. 1, 569 So.2d 1083 (La.App. 3 Cir.1990). This was a trespass case which addresses the issue presented in the present case. The Department of Highways issued a permit to the sewerage board. The court found that the highway department gave the sewerage board only the right to use and occupy the department’s right of way, not the right to use and occupy the plaintiffs property rights. Koch v. Louisiana Power and Light Co., 298 So.2d 124 (La.App. 1 Cir.1974), writ denied, 302 So.2d 17 (La.1974); Louisiana Power & Light Company v. Dileo, 79 So.2d 150 (La.App. 1 Cir.1955). The court found the sewerage board trespassed by failing to get the property owner's consent.