804 So.2d 912 (2001)
Kenneth SANDIDGE, Sr./Deceased
v.
Kenneth SANDIDGE, Jr. and The Travelers Insurance Co.
No. 2000 CA 2157.
Court of Appeal of Louisiana, First Circuit.
December 28, 2001.
*913 Michael L. Lyman, Baton Rouge, LA, Attorney for Plaintiff/Appellant, Kenneth Sandidge, Sr./Deceased.
L. Dean Fryday, Jr., Baton Rouge, LA, Attorney for Defendants/Appellees, Kenneth Sandidge, Jr. and The Travelers Insurance Company.
BEFORE: CARTER, C.J., PARRO, and CLAIBORNE,[1] JJ.
CARTER, C.J.
This is an appeal of a decision by the Office of Workers' Compensation Administration (OWC) granting a motion for summary judgment dismissing a claim for death benefits.

BACKGROUND AND FACTS
Kenneth Sandidge, Sr. (Mr. Sandidge) worked on a farm owned by his son, Kenneth Sandidge, Jr. In April 1992, Mr. Sandidge suffered injuries to his left foot and lower back in the course and scope of his employment. Mr. Sandidge underwent surgery to his lower back, and as a result of his injuries, was declared totally and permanently disabled by his son's workers' compensation insurer, Aetna Casualty and Surety Company.[2]
After sustaining his injuries in 1992, Mr. Sandidge had increased difficulty walking and had to use a walker or cane to ambulate. According to the stipulation entered into by the parties, both Mr. Sandidge's wife and daughter observed him falling on *914 numerous occasions after his April 1992 accident. Following two of these falls, Mr. Sandidge sustained injuries that required further medical treatment. The workers' compensation insurer covered the treatment for both of these injuries, because these injuries were related to his lingering problems associated with his 1992 accident.
On the morning of May 10, 1997, Mrs. Sandidge found her husband on the floor of his bedroom. Mr. Sandidge was taken to Baton Rouge General Medical Center for treatment. Mr. Sandidge was diagnosed with a large ischemic stroke. As a result of this stroke, Mr. Sandidge died on May 24, 1997.
Following Mr. Sandidge's death, Mrs. Sandidge filed for death benefits under the Louisiana Workers' Compensation Act on May 12, 1998.[3] Mrs. Sandidge contends that her husband's 1992 injury increased his likelihood of falling and that when he fell, his blood pressure rose and was a contributing condition to his stroke.
Kenneth Sandidge Jr. and The Travelers Insurance Company (defendants) filed a motion for summary judgment on the basis that the stroke suffered by Mr. Sandidge was not attributable to his 1992 workers' compensation accident or any complication from that accident. The OWC judge granted defendants' motion for summary judgment and dismissed Mrs. Sandidge's claim for death benefits. Mrs. Sandidge appeals the decision of the OWC.

DISCUSSION
Following the 1997 amendment of the summary judgment law, summary judgments are now favored, and shall be used to "secure the just, speedy, and inexpensive determination" of all actions, except those excluded by LSA-C.C.P. art. 969. LSA-C.C.P. art. 966 A(2); Smith v. Berteau, 98-1438, p. 3 (La.App. 1st Cir. 6/25/99), 739 So.2d 269, 272.
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966 B. Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Smith, 739 So.2d at 272.
An employee in a workers' compensation action has the burden of establishing a causal link between the accident and the subsequent disabling condition. Peveto v. WHC Contractors, 630 So.2d 689, 691 (La.1994). Where there is no causal relationship between the compensable injury and the subsequent event, the employer has no liability for compensation beyond the disability produced by the job-connected accident. See Miller v. Roger Miller Sand, Inc., 94-1151, p. 6 (La.11/30/94), 646 So.2d 330, 335.
The exhibits introduced in support of defendants' motion for summary judgment reflect that Mr. Sandidge suffered a "huge intra-cerebral ischemic stroke." The medical records indicate that Mr. Sandidge had discontinued his use of Coumadin, a blood-thinning medication, 72 hours before his stroke in preparation for a dental procedure. The medical records do not indicate that Mr. Sandidge's stroke was the result of any type of fall or trauma.
*915 Mrs. Sandidge introduced several medical reports from various physicians highlighting Mr. Sandidge's treatment following his 1992 injury. Included in these exhibits is a report dated June 15, 1995, by Dr. Robert Nicholson indicating that Mr. Sandidge's rotator cuff tear was indirectly related to his ongoing back pain. Several of the records make reference to the possibility that Mr. Sandidge was experiencing either TIAs (transient ischemic attacks) or a CVA (cerebrovascular accident), and a narrative report states he was hospitalized for a stroke in June 1994; this report suggests that stroke resulted in a fall. These medical reports also indicate that Mr. Sandidge had heart problems and was being treated with Coumadin as early as 1992, before his work-related accident.
Mrs. Sandidge contends that the workers' compensation judge erred by basing her decision on medical information not in the record, because the record indicates the OWC judge had knowledge of how strokes occur from other cases. The workers' compensation judge stated, "A stroke can happenI mean, they clearly happen to people out of the blue. It just happens." Mrs. Sandidge argues that the workers' compensation judge did not formulate her opinion solely on the facts and medical evidence introduced into the record, but rather based her opinion on medical information she had learned about strokes from other cases.
The jurisprudence has recognized that strokes are ordinarily the result of natural physiological causes, instead of the result of trauma or particular work effort. Laumann v. Dulac Shipyard, Inc., 95-2269, p. 2 (La.App. 1st Cir. 6/28/96), 676 So.2d 823, 825, writ denied, 96-1986 (La.1/10/97), 685 So.2d 142. This observation was made by the court when discussing the 1989 change to LSA-R.S. 23:1021(7)(e), which addresses the "clear and convincing" burden of proof in perivascular injuries suffered during the course and scope of employment. Although Laumann addressed whether a perivascular injury suffered during the course and scope of employment was compensable under the Workers Compensation Act, the fact that the court has recognized that strokes are ordinarily the result of natural physiological causes still applies.
Accordingly, the evidence presented regarding Mr. Sandidge's stroke does not indicate that it was in any way related to the problems he had following his 1992 lower back injury. Although it is evident that Mr. Sandidge experienced falls and had difficulty walking following his 1992 accident, we agree with the workers' compensation judge that there is no evidence whatsoever that these problems caused Mr. Sandidge's stroke. We do not find that the workers' compensation judge relied upon evidence outside of the record in making her determination. Moreover, there is simply no way to determine whether Mr. Sandidge fell as a result of his back problems or as the result of a stroke. The defendants do not have the burden of proof of causation at trial. They pointed out an absence of factual support for this element of Mrs. Sandidge's claim, and she did not produce evidence sufficient to establish that she would be able to satisfy her burden of proof on that issue at trial. Accordingly, there is no genuine issue of material fact, and summary judgment was appropriate. See LSA-C.C.P. art. 966 C(2).

CONCLUSION
After a thorough review of the record and relevant law, we find that the workers' compensation judge did not err in granting the defendants' motion for summary judgment. The judgment of the Office of Workers' Compensation Administration is *916 affirmed, and all costs of this appeal are assessed to appellant, Mrs. Kenneth Sandidge, Sr.
AFFIRMED.
IAN W. CLAIBORNE, J. Pro Tem., concurs.
NOTES
[1] Hon. Ian W. Claiborne, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Following a merger of the two companies, Aetna Casualty and Surety Company was succeeded by The Travelers Insurance Company.
[3] LSA-R.S. 23:1231 and 1251.