844 So.2d 61 (2003)
SUCCESSION OF Betty Kinchen BANKSTON.
No. 2002 CA 0548.
Court of Appeal of Louisiana, First Circuit.
February 14, 2003.
Writ Denied May 9, 2003.
*62 Deborah M. Henson, New Orleans, Laurie Rolling Hagan, Metairie, Counsel for Appellant Jeannette Rose Kinchen Perry.
Joseph H. Simpson, Amite, In Proper Person and Attorney for William Paul Simpson, Appellees.
Before: FOIL, McCLENDON and KLINE[1], JJ.
McCLENDON, J.
The issues raised on appeal in this succession case are whether the trial court erred in granting summary judgment on the issue of the reasonableness of a contingency fee contract and in denying summary judgment on the issue of the excessiveness of the contract. For the following reasons, we reverse in part and affirm in part.
Betty Kinchen Bankston died on May 20, 2000. On July 6, 2000, on behalf of Elston Sidney Bankston, attorney Keith Rowe filed a petition to probate Betty Kinchen Bankston's statutory will dated November 16, 1996. By order dated July 3, 2000, the trial court executed the will and appointed Elston Bankston the dative testamentary executor of the Succession of Betty Kinchen Bankston.
On August 2, 2000, attorney Joseph Simpson, on behalf of numerous other heirs, filed a petition to annul the statutory will, asserting that the signature of the deceased was forged and, alternatively, the testator signed with the aid of others or was of unsound mind when the testament was signed. He also asserted that the witnesses did not actually see the testatrix sign the will. By that pleading, he sought injunctive relief and the appointment of a new dative testamentary executor.
On September 11, 2000, a second group of heirs represented by another law firm filed a petition to annul the statutory will, asserting that the deceased did not sign *63 the will and, alternatively, that the testator signed with the aid of others or was of unsound mind when the testament was signed. They also asserted that the witnesses did not actually see the testatrix sign the will. These heirs also sought injunctive relief and the appointment of a new dative testamentary executor.[2]
Subsequently, Keith Rowe on behalf of Elston Bankston and numerous other heirs, including some represented by Joseph Simpson, filed a petition for possession, asserting the invalidity of the will and moving the court to place them in possession of the succession. The trial court rendered a judgment placing these heirs in possession that same day. The trial court also rendered judgment amending the judgment of possession to give the law firm of Simpson & Simpson an undivided one-third interest of the succession interest held by thirty-four of the heirs, including Jeanette Rose Kinchen Perry. Additionally, Rowe and Simpson filed a petition to pay debts and charges of the succession and to transfer funds of the succession.
On August 17, 2001, Jeanette Perry filed a petition to annul the amended judgment of possession and for the return of the legal fees set for the law firm of Simpson & Simpson by a contingency fee contract at one-third of the value of the succession.[3] On September 21, 2001, Simpson and Simpson filed a motion for extension to file responsive pleadings. On September 26, 2001, Simpson and Simpson answered Perry's petition.
On October 5, 2001, Simpson & Simpson filed a motion for summary judgment, seeking a determination that the contingency fee contract was enforceable and seeking the dismissal of Perry's action. On November 14, 2001, Jeanette Perry responded by filing a motion for partial summary judgment, seeking a determination by the trial court that the amended judgment of possession was null pursuant to LSA-C.C.P. art.2004 and that the contingency fee contract violated Rule 1.5 of the Rules of Professional Conduct as it was unreasonably excessive. Therein, she asserted that the estate was valued in excess of $2,400,000, and the fee would, therefore, be approximately $600,000. On December 3, 2001, Simpson & Simpson filed a motion to substitute original affidavits for copies previously introduced which the trial court granted.
After hearing the cross-motions, the trial court granted partial summary judgment in favor of Jeanette Perry, declaring the amended judgment of possession to be null. However, the trial court denied Perry's motion for summary judgment as to the excessiveness of the fee. The trial court also granted summary judgment in favor of Simpson & Simpson, finding the contingency fee contract enforceable. Perry appeals, contending the trial court erred in granting summary judgment in favor of Simpson & Simpson and in denying her motion for summary judgment on the issue of the excessiveness of the contingency fee contract.
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. J. Ray McDermott, Inc. v. Morrison, 96-2337, p. 9 (La.App. 1 Cir. 11/7/97), 705 So.2d 195, 202, writs denied, 97-3055 and 97-3062 (La.2/13/98), 709 So.2d 753, 754. The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions *64 on file, together with affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966 B. Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Sandidge v. Sandidge, 2000-2157, p. 3 (La.App. 1 Cir. 12/28/01), 804 So.2d 912, 914.
After recognizing that the parties did not dispute the validity of the contingency fee contract, the trial judge determined that the contract was enforceable. The appellees assert that the court does not have the authority to review the reasonableness of a contingency fee contract once the contract is found to be valid. We reject this assertion. It is well settled that a prohibition against unreasonable attorney fees exists, and it cannot be abrogated by a valid contingency fee contract. Succession of Cloud, 530 So.2d 1146, 1150 (La.1988); Central Progressive Bank v. Bradley, 502 So.2d 1017, 1017 (La.1987); Northshore Ins. Agency, Inc. v. Farris, 634 So.2d 867, 871 (La.App. 1 Cir.1993). Irrespective of the contractual arrangement between the client and the attorney, the courts have the right to review these contracts to determine whether the fee is excessive. State of Louisiana, Through DOTD v. Williamson, 597 So.2d 439, 441 (La.1992). Specifically, under Rule 1.5(a) of the Rules of Professional Conduct, an attorney fee, whether contingent or otherwise, must be "reasonable." See Thibaut v. Smith & Loveless, Inc., 517 So.2d 222, 225 (La.App. 1 Cir.1987). Pursuant to Rule 1.5, factors to be considered in determining the reasonableness of a fee include:
(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) The fee customarily charged in the locality for similar legal services;
(4) The amount involved and the results obtained;
(5) The time limitations imposed by the client or by the circumstances;
(6) The nature and length of the professional relationship with the client;
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) Whether the fee is fixed or contingent.
An analysis of the factors pertinent to a determination of reasonableness is extremely fact intensive. At issue ultimately is the reasonable value of the services rendered and value received by the client. This is an inquiry that requires credibility determinations and the resolution of factual disputes. However, it is not the trial court's function on a motion for summary judgment to determine or even inquire into the merits of the disputed factual issues that are presented. Lexington House v. Gleason, 98-1818, p.6 (La. App. 3 Cir. 3/31/99); 733 So.2d 123, 126, writ denied, 99-1290 (La.6/25/99), 746 So.2d 603. Issues of credibility have no place in summary judgment procedure. Carriere v. State, Dept. of Soc. Servs., 97-1305, p. 4 (La.App. 3 Cir. 3/6/98), 708 So.2d 822, 824, writ denied, 98-0958 (La.5/29/98), 720 So.2d 335.
Herein, the evidence before the trial court on the cross-motions for summary judgment sufficiently raises a disputed issue regarding the reasonableness of the fee charged by Simpson & Simpson. Therefore, we conclude that the trial court erred in granting summary judgment in favor of Simpson & Simpson and preventing a full evidentiary hearing on all issues.
*65 Based on the entire record on the cross-motions for summary judgment, we are convinced that a very close analysis of the factors enumerated in Rule 1.5 of the Rules of Professional Conduct is required to determine the reasonableness of this fee. The record reflects that the services rendered by the Simpson firm required no more than thirty hours of work and consisted mainly of filing a petition to annul the will, hiring a handwriting expert who analyzed the will and reported that the signature might be a forgery, and communicating this finding to attorney Keith Rowe who represented Elston Bankston. Most of the work necessary to handle this ultimately uncontested, intestate succession was performed by attorney Keith Rowe.[4] Furthermore, the Simpson law firm limited its risk, as a clause in the contingency fee contract provided that "[i]f the handwriting expert cannot testify that the will is a forgery, suit will be discontinued." Yet, the fee sought under the contingency fee contract was one-third of an estate represented to be valued at more than $2,400,000.[5]
We acknowledge that the trial court has much discretion in fixing an award of attorney fees, and its award will not be modified on appeal absent a showing of an abuse of discretion. Gulf Wide Towing v. F.E. Wright (U.K.), 554 So.2d 1347, 1354 (La.App. 1 Cir.1989). We also recognize that great societal importance rests with the contingency fee contract as it promotes the distribution of needed legal services by making legal services available to those without means to afford legal representation and by reducing the risk of financial loss to clients. Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102, 105 (La.1978). Furthermore, in assessing the reasonableness of a fee, limiting consideration to the attorney's investment of time and skill, the importance of the case, and other readily identifiable factors, does an injustice to the attorney. Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102, 118 (La.1978). Therefore, all factors set forth under Rule 1.5 must be considered.
For the foregoing reasons, the trial court's grant of summary judgment in favor of Simpson & Simpson is reversed. In all other respects, the judgment is affirmed. This case is remanded for further proceedings consistent with this opinion. Costs on appeal are assessed against Joseph Simpson and William Simpson.
REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.
NOTES
[1] Hon. William F. Kline Jr., retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Subsequently, this petition was voluntarily dismissed pursuant to a motion filed by counsel for this group of heirs.
[3] Keith Rowe was initially named as a defendant in this action; however, he was ultimately dismissed on joint motion of Rowe and Perry.
[4] The fee received by Keith Rowe is not at issue.
[5] It is undisputed that Simpson has already received more that $40,000 in attorney fees for assets already distributed.